## City of Chicago v. Laura Glore.

1. REMITTITUR—*On Suggestion of the Appellate Court.*—In a case where the Appellate Court is of the opinion that the evidence justifies a recovery, but that the verdict is too large, it may affirm the judgment on condition that a portion of it is remitted, otherwise that it be reversed and remanded.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed on a remittitur as suggested, otherwise reversed and remanded. Opinion filed December 24, 1901.*

ANDREW J. RYAN, JAMES J. KELLY and JOHN E. KEHOE, attorneys for appellant.

THEODORE G. CASE, attorney for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court. This is an appeal from a judgment of $6,500 rendered by

---

* Remittitur filed and cause affirmed December 26, 1901.

the court below, in favor of appellee, for alleged injuries claimed to have been sustained through stepping into a hole in a sidewalk maintained by the appellant on Ogden avenue, near its intersection with Van Buren street, on November 24, 1898.

The only error urged by the appellant is the excessiveness of damages, all other assigned errors being expressly waived by appellant.

Three witnesses only testified to facts that bear on the question of damages—the plaintiff and two physicians. Neither of the physicians had ever before attended appellee professionally.    Doctor Phillips, who was called to attend her on the day or the day after she was injured, and treated her a few days—making in all six visits—found bruises upon her body in the region of the hip and thigh, but no bones broken, no ligaments torn or ruptured, no bruises or cuts that caused any blood to flow.   He found her suffering great pain in the region of her abdomen, in the back and one of the ribs.    As to internal injuries, he found some evidences of them in attempting to make a digital examination, which he was obliged to desist from, because of the great tenderness.    At the end of two weeks he ceased to treat her.

The other physician, Doctor Johnston, saw her first in February, 1899, and at that time made an examination.    He found her womb was enlarged and inflamed and displaced, and that she had an enlarged and inflamed ovary, and a neuritis of the right side.

He commenced to treat her in April, 1899, and in January, 1900, he performed an operation upon her—replacing and packing the womb, and treating the ovary surgically at the same time.

At the time of starting to treat her, in April, 1899, there was nothing in her condition from which he could tell how long the conditions he described had lasted; it might have been a matter of months or years' duration.

She was at the time of trial still under his treatment for the conditions he first found her suffering from, and his opinion was that her disabilities were of a permanent char-

acter, although the inflammation and size of the womb and ovary had become diminished.

The appellee testified that prior to the accident she had never been seriously ill except when her baby was born, and that she was always able to do her own housework; that since the accident she has suffered great pain most of the time; had frequent hemorrhages; that her menstruations were very irregular and accompanied by pain; that she has not been able to work half the time; that her mind was affected and she has been at times so nervous as not to realize anything; besides stating the particular things to which Doctor Livingston testified.

We thus have only the evidence of the plaintiff as to the injury being exclusively confined to the accident and the direct resultant consequences. The accident and the negligence of the city, and the freedom of appellee from all contribution to the injury, being admitted, we ought not to remand the cause to await the delay of another trial. Substantial justice will be better served by ending the case here, it appearing that some recovery on another trial ought to be had under the admitted facts.

Considering all these matters testified to, we think the verdict and judgment is too large, much more than the compensation which the law permits, and that the judgment should be affirmed for only a considerably less sum.

If, therefore, the appellee shall, within ten days from the date of filing this opinion, file a remittitur in this court of $3,000 from the judgment, we will affirm it for the balance, otherwise the judgment will be reversed and the cause remanded for another trial. Affirmed if remittitur be entered, otherwise reversed and remanded.